RAYMOND J. GODFREY

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

WESTERN CONTRACTING CORPORATION

(No. 14964)

Decided April 13, 1981.

*Amos C. Wilson* for appellant.

No appearance for appellee.

McGRAW, JUSTICE:

The claimant, Raymond J. Godfrey, appeals from an order of the Workmen's Compensation Appeal Board which, on May 28, 1980, affirmed the Workmen's Compensation Commissioner's ruling that the claimant had failed to make a prima facie showing that he had contracted occupational pneumoconiosis.

On November 10, 1977, the claimant filed his application for occupational pneumoconiosis benefits. The Commissioner ordered that a hearing be held to adduce evidence on non-medical questions relating to the claimant's period of exposure. At this hearing, the claimant testified to his employment history and his exposure to rock and cement dust during his employment. Following the hearing, the Commissioner ruled, on March 15, 1979, that the claimant had failed to make a prima facie showing that he had contracted occupational pneumoconiosis. The Commissioner's ruling was appealed to the Appeal Board which affirmed. We conclude that the Appeal Board was wrong, as a matter of law, when it affirmed the Commissioner.

When a claim for occupational pneumoconiosis benefits is filed, the Commissioner's role is to make the non-medical period of exposure determinations prescribed by W.Va. Code § 23-4-15b. Then, if the claimant meets the exposure requirements, the Commissioner is required to refer the claim to the Occupational Pneumoconiosis Board for the medical evaluation prescribed in W.Va. Code § 23-4-8c. This point was made clear in Syllabus Point 2 of *Meadows v. State Workmen's Commissioner*, 157 W.Va. 140, 198 S.E.2d 137 (1973), which states:

> "Once the Commissioner has made the non-medical finding that there is a dust hazard, a pneumoconiosis claimant must be referred to the Occupational Pneumoconiosis Board to determine the question of causation under Code, 23-4-8c(c) 2, as amended."

In this case, the Commissioner neglected to make the required exposure determinations, but instead dismissed

the claim on a medical basis without referring it to the Occupational Pneumoconiosis Board as required by our decision in *Meadows, supra.*

We have often stated and must repeat that the Workmen's Compensation Fund is to be liberally administered consistent with its beneficent purposes. *Harper v. State Workmen's Compensation Commissioner,* 160 W.Va. 364, 234 S.E.2d 779 (1977). The primary purpose of the Fund is, of course, to provide benefits to all persons entitled to them. Expert medical advice is required to determine whether an occupational pneumoconiosis claimant is entitled to benefits. The Occupational Pneumoconiosis Board was created for the purpose of providing the Commissioner with this expert medical advice, and this advice must be utilized by the Commissioner. The Act's purposes are not effectuated if an occupational pneumoconiosis applicant is rejected solely on the basis of inconclusive medical evidence in his initial application. Claimants are unaware that their claims may fail at the initial stage for want of specialized medical evidence, and applications often contain only the medical opinions of practitioners who do not specialize in the complexities of occupational pneumoconiosis. Therefore, to give each claimant's case a proper medical evaluation, the expertise of the Occupational Pneumoconiosis Board must be utilized, and not circumvented in an ill-conceived attempt at administrative economy that contravenes the Act's very purposes. We recognize that the Commissioner is given the authority to refer claimants to the Occupational Pneumoconiosis Board when she believes it to be necessary, but as the foregoing discussion indicates such a reference is always necessary if the exposure requirements have been met.

The Commissioner acted incorrectly, the Appeal Board committed an error of law in affirming his dismissal, and for this reason their judgment is reversed.

This Court previously held that in reopening cases the Commissioner is not required to refer a claimant to the Occupational Pneumoconiosis Board. *Hamrick v. State Workmen's Compensation Commissioner,* ___ W.Va. ___,

228 S.E.2d 704 (1966). The instant case is not a reopening but an initial claim and the holding in *Hamrick* has no application here.

Section 20.03 of the Workmen's Compensation Administration Regulations empowers the Commissioner to dismiss occupational pneumoconiosis claims if the medical evidence in the initial application fails "to diagnose an occupational pneumoconiosis . . . ." The dismissal is then said to be for failure to state a prima facie case. We conclude this regulation to be invalid. Our holding in *Meadows, supra*, would alone require such a conclusion. Furthermore, it is apparent that the statutory scheme for occupational pneumoconiosis benefits, when viewed in its entirety, is designed to provide the Commissioner with expert recommendations on medical questions. This design, and the purpose of the Occupational Pneumoconiosis Board in that design are thwarted if the Commissioner can dismiss an initial application without the benefit of the expert medical advice of the Occupational Pneumoconiosis Board.

It is also significant that W.Va. Code § 23-4-15b, which is entitled "Determination of *nonmedical* questions by the commissioner" (emphasis added), enumerates specific non-medical determinations the Commissioner must make, and vests in the Commissioner the discretion only to "determine such other *nonmedical* facts as may in his opinion be pertinent . . . ." (emphasis added). The statute makes no mention of the Commissioner's determination of medical questions upon an initial application. In fact we find nothing in any of the statutes dealing with occupational pneumoconiosis which empowers the Commissioner to make medical determinations on an initial application without medical advice from the Occupational Pneumoconiosis Board. Accordingly, for this reason and the reasons just stated, the regulation in question is invalid.

We also call attention to the following matters: The Workmen's Compensation Commission file of this case, is, as in too many cases, in a very poor state with regard to the arrangement, condition, and clarity of the contents. The Commissioner's order is so vague that it provides an almost

insufficient basis for review. No brief has been filed on the part of the Commissioner or the employer. The absence of these briefs is not conducive to the proper operation of the adversary system.

The final judgment of the Appeal Board is reversed, and the case is remanded to the Workmen's Compensation Commissioner with directions that she make the non-medical findings required by W.Va. Code § 23-4-15b and, if such findings so warrant, refer the claim to the Occupational Pneumoconiosis Board for medical findings and recommendations as required by W.Va. Code § 23-4-8c.

*Reversed and remanded with directions.*